LINK: 3

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-08481 GAF (MANx) | Date | December 12, 2011 |
|---|---|---|---|
| Title | Sibyl Rena Alexander v. Department of the Army | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**      (In Chambers)

### ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION

The Court is in receipt of Plaintiff Sibyl Rena Alexander's Complaint, filed on October 17, 2011, against Defendant Department of the Army. (Docket No. 3.) Because Plaintiff seeks more than $25,000,000 for denial of survival pension benefits worth $200,000, in reliance on an allegedly fraudulent divorce document in Plaintiff's late husband's service file, the Complaint appears to assert a tort claim against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680. (See Compl. at 3–4, 7.) However, Plaintiff has named as Defendant a federal agency, Department of the Army, rather than the United States, in contravention of 28 U.S.C. §§ 1346(b), 2671, and 2679. See Lomax v. United States, 155 F. Supp. 354, 356 (D.C. Pa. 1957) (". . . [A] suit arising under the Tort Claims Act must be brought against the United States of America and cannot be brought against the federal agency allegedly responsible for the tort."). In addition, Plaintiff has not adequately alleged that she has exhausted administrative remedies, as required by 28 U.S.C. § 2675.

Accordingly, Plaintiff is hereby **ORDERED TO SHOW CAUSE no later than Tuesday, December 27, 2011**, why the Court should not dismiss this case for lack of subject matter jurisdiction. **Failure to respond by this deadline will be deemed consent to dismissal**.

**IT IS SO ORDERED.**